IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

FILED

AUG 3 0 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| OKEY GARRY OKPALA, #43667-019 ) <br> FCI ) <br> POB 1000 Plaintiff, ) <br> Talladega, AL 35160 ) <br> vs. ) <br> ) <br> FEDERAL BUREAU OF PRISONS; ) <br> FEDERAL CORRECTIONAL INSTITUION ) <br> TALLADEGA, ALABAMA, ) <br> ) <br> Defendants. ) | CASE NUMBER 1:06CV01530 <br><br> JUDGE: Richard J. Leon <br><br> DECK TYPE: TRO/Preliminary Injunction <br><br> DATE STAMP: 08/30/2006 |

COMPLAINT FOR DECLARATORY JUDGMENT
AND INJUNCTIVE RELIEF

AND NOW, COMES THE PLAINTIFF, Okey Garry Okpala ("Mr. Okpala"), by and through pro-se, moves this Court for a declaratory judgment and injunctive relief. In support thereof, Mr. Okpala states as follows:

I

STATEMENT OF CLAIM

1.) Since Mr. Okpala's transfer to the Federal Correctional Institution ("FCI"), Talladega, Alabama in 2001, the Common Fare Menu (Religions Diet) have consisted of, among other things, fresh tomato, onion, bell pepper, vegatable beans, cauliflower, spinach, broccoli, cabbage, cucumber, carrot. Exhibit A annexed hereto.

2.) In November 2004 the FCI Talladega, inmates kitchen underwent a reconstruction. For this reason the commissary and laundry warehouse was converted into a kitchen. For this reason the FCI Talladega requested a Policy Waiver - P.S. 4700.04, Religions Certified Food Program Menu. This request specifically cited the kitchen renovation as the reason for requesting the discontinuation

RECEIVED
AUG 0 4 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

of the regular Common Fare Menu (Exhibit A) for a Pilot Menu which did not contain the fresh produce that were contained in the regular menu. Exhibit B, annexed hereto.

3.) After the kitchen renovation in November 2005, the FCI Talladega continued to serve the Pilot Menu.

4.) On December 21, 2005, Mr Okpala requested that the regular Common Fare Menu be reinstated (Exhibit A) because the kitchen renovation has completed. In the said request, Mr. Okpala pointed out that the Waiver (Exhibit B) was granted specifically during the kitchen renovation. That since the kitchen renovation was over, the regular menu should be reinstated. That the Pilot Menu does not contain the above-mentioned fresh produce items while the said fresh produce items were used during the kitchen renovation and now, to prepare general population meals. That the Common Fare Menu is incomplete without the above-mentioned fresh produce items-nutritionally inadequate. Mr. Okpala pointed out his health problem, such as high blood pressure and high cholesterol as another reason why the said fresh produce items are necessary to maintain a balanced diet as much a possible. That the continuation of the Pilot Menu without an official approval from the Federal Bureau of Prisons ("BOP") office in Washington , DC, constitutes improper authorization. That the continued promulgation of the Pilot Menu without the proper authorization constitutes a violation of 5 U.S.C. § 553, et seq. That the continued promulgation of the Pilot Menu without the said fresh produce items contitutes an Eighth Amendment violation. That the continued promulgation of the Pilot Menu without the said fresh produce items while the same fresh produce items are being used to prepare general population's meals constitutes discrimination against

Mr. Okpala and other inmates on religious diet, in violation of the Fourteenth Amendment of the United States constitution.

5.) Mr. Okpala presented his claims through BP-9, BP-10, and BP-11, to no avail. Exhibit C annexed hereto. The BOP and FCI, Talladega, Alabama, acknowledge in its responses to Mr. Okpala's administrative remedy that it did not obtain authorization to continue with the Pilot Menu after the kitchen renovation was completed in November 2005. But that it is in the process of obtaining the proper authorization.

6.) The BOP and the FCI, Talladega, Alabama, did not provide any statement of reason(s) for the continuation of the Pilot Menu without proper authorization, and for substantially departing from the regular religious diet menu. Exhibit A

7.) The BOP and the FCI, Talladega, Alabama, is an agency within the meaning of 5 U.S.C. § 553, et seq. therefore must comply with § 553, et seq. prior to promulgation of a new substantive policy that is inconsistent with long-established rule or policy.

8.) Section 553 provides that before a new substantive rule or policy is promulgated it must comply with the mandate of § 553 et seq.-notice and comment.

9.) If new agency policy represents significant departure from long-established and consistant practice that substantially affects regulated industry, new policy is new substantive rule and agency is obliged to submit change for notice and comment. Shell Offshore Inc. v. Babbitt, 238 F.3d 622(5th Cir. 2001)

10.) Agency may not rescind outstanding regulations without strict adherence to process of reasoning on record with benefit of informed suggestions from those affected by proposed recission or

amendment, despite agency's conclusion that statutory basis for regulation is void. See National Wildlife Federation v. Clark, 577 F.Supp. 825 (D.C.Dist.Col. 1984)

11.) BOP reversal of its prior policy, based on deputy attorney general's opinion that designations of offenders to community confinement were forbidden as a matter of law in spite of long-established BOP policy and practice of adopting judicial recommendations to place nonviolent inmates in such facilities to serve short terms of imprisonment, was substantive rule change that should have occured only pursuant to Administrative Procedure Act. See Monahan v. Winn, 276 F.Supp.2d 196 (D.C. Mass. 2003)

12.) Although "[t]he Constitution 'does not mandate confortable prison,'...neither does it permit inhumane ones...." Farmer v. Brennan, 511 U.S. 825, 832 (1994)(quoting Rhodes v. Chapman, 452 U.S. 337, 349 (1981)). "[I]t is now settled that 'the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment.'" Farmer, 511 U.S. at 832 (quoting Helling v. McKinney, 509 U.S. 25, 31, (1993).

13.) An Eighth Amendment violation may be supported by a serious risk of future harm, Helling 509 U.S. at 36, in which the court pointed out that a prisoner can complain about demonstrably unsafe water without waiting to develop dysentery. Id.

14.) The BOP and FCI, Talladega, Alabama alleged acts or omissions are with deliberate indifference to the health or safety of Mr. Okpala and other inmates, that is, with recklessness.

II

**PARTIES**

15.) The Plaintiff, Mr. Okpala, is presently incarcerated at the FCI Talladega, Alabama, serving a 30 year sentence based on an alleged drug charges.

16.) The Defendant, BOP, is a Federal Agency.

17.) The Defendant, FCI, Talladega, Alabama, is part of the BOP.

### III

### STATEMENT OF JURISDICTION

18.) This cause arises under 28 U.S.C. §§ 1331, 1343; 18 U.S.C. § 3626;and 5 U.S.C. § 553 et seq; therefore, this Court has jurisdiction to hear and decide the merits of this case.

19.) The acts or omissions alleged herein were carried out by the BOP; the FCI, Talladega, Alabama, and its respective agents in their official capacities and under the color of law, statute, policy or custom.

### IV

### COUNT 1

20.) Mr. Okpala adopts by reference the statements contained in ¶¶ 1-19 above.

21.) The Defendants alleged acts of omissions constitute a violation of 5 U.S.C. § 553, et seq.

### COUNT 11

22.) Mr. Okpala adopts by reference the statements contained in ¶¶ 1-21 above.

23.) The Defendants alleged acts of omissions constitute a violation of the Fifth Amendment to the United States Constitution.

### COUNT 111

24.) Mr. Okpala adopts by reference the statements contained in ¶¶ 1-23 above.

25.) The defendants alleged acts or omissions constitute a violation of the Eighth Amendment to the United States Constitution.

### COUNT lV

26.) Mr. Okpala adopts by reference the statements contained in ¶¶ 1-25 above.

27.) The Defendants alleged acts or omissions constitute a violation of the Fourteenth Amendment to the United States Constitution.

WHEREFORE, Mr. Okpala requests the Court to issue the following orders:

1.) To issue an order directing the Defendants to respond to the pleadings and allegations set forth herein.

2.) To issue and order declaring the Defendants alleged acts or omissions as unsonstitutional.

3.) To issue an order directing the Defendants to reinstate the regular Common Fare Menu that contained the aforementioned fresh produce items.

4.) To grant other and further relief as the Court may deem proper and just.

Dated: July 31, 2006.

Respectfully Submitted

Okey Garky Okpala
#43667-019
Pro-se/Paralegal
Federal Correctional Institution
PMB 1000
Talladega, AL. 35160

## VERIFICATION

I hereby certify that I am the Plaintiff in this cause; that I have read the pleadings and allegations set forth therein; and, that the facts related therein are true and correct to the best of my recollection.

Dated:   July 31, 2006.

Respectfully Submitted

*[signature]*
Okey Garry Okpala
#43667-019
Pro-se/Paralegal
Federal Correctional Institution
PMB 1000
Talladega, AL. 35160