FILED

AUG 3 0 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| OKEY GARRY OKPALA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No.: **06 1530** |
| FEDERAL BUREAU OF PRISONS; FEDERAL CORRECTIONAL INSTITUION TALLADEGA, ALABAMA, | ) Evidentary Hearing Demanded ) ) ) |
| Defendants. | ) |

MOTION FOR A PRELIMINARY
INJUNCTION

AND NOW, COMES THE PLAINTIFF, Okey Garry Okpala ("Mr. Okpala"), by and through pro-se, and pursuant to 18 U.S.C. § 3626, moves this Court for an Order directing the Defendants to reinstate the Common Fare regular menu until this Court hears and decides the merits of the complaint for a declaratory judgment and injunctive relief filed herewith. In support thereof, Mr. Okpala states as follows:

1.) Mr. Okpala adopts the statements contained in the complaint for a declaratory judgment and injunctive relief.

2.) In 1996, Congress enacted the Prison Litigation Reform Act ("PLRA") which constrains available relief and imposes procedural barriers for prisoners bringing suits challenging prison conditions. Injunctive relief is still available. However, injunctive relief must be tailored narrowly, and both preliminary and final injunctions automatically expire after fixed amount of time. See 18 U.S.C. § 3626 (a)(2000)(Prospective injunctive relief must be based on judicial findings that the relief is narrowly tailored to extend no further than the particular plaintiff). The trial court has discretion to

fashion a preliminary injunction that will preserve the status quo pending a trial on the merits. See <u>American Hosp. Supply Corp. v. Hospital Prods. Ltd.</u>, 780 F.2d 589, 594 (7th Cir. 1986)("The premise of the preliminary injunction is that the remedy available at the end of trial will not make the Plaintiff whole."); <u>Arthur Guinness & Sons, PLC v. Steering Pub. Co.</u>, 732 F.2d 1095, 1099 (2nd Cir. 1984) (same). Irreparable injury exists where, but for the granting of the preliminary injunction, it would be difficult or impossible to return the parties to the positions they previously occupied. See <u>Brenntag Int'l Chems., Inc. v. Bank Of India</u>, 175 F.3d 245, 249 (2nd Cir. 1999).

3.) Applying the irreparrable injury test to the facts alleged in the complaint for a declaratory judgment and injunctive relief, Mr. Okpala contends that a preliminary injunction is necessary in this case to preserve the status quo, because it will be difficult or impossible to restore Mr. Okpala's health after he has been damaged due to inadequate vitamins and minerals, that are obtained through the aforementioned fresh produce items, that are currently absent in Mr. Okpala's Common Fare diet. This Court should intervene and direct the Defendants to reinstate the regular Common Fare Menu that contains the aforementioned fresh produce items until this Court is able to hear and decide the merits of this action.

WHEREFORE, Mr. Okpala requests the Court to issue a preliminary injunction directing the Defendants to reinstate the regular Common Fare diet (Exhibit A).

Dated: July 31, 2006.

                                      Respectfully Submitted
                                      Okey Garry Okpala
                                      #43667-019
                                      Pro-se/Paralegal
                                      Federal Correctional Institution
                                      PMB 1000
                                      Talladega, AL. 35160