UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| OKEY GARRY OKPALA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 06-1530 RJL |
| | ) |
| FEDERAL BUREAU OF PRISONS, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

DEFENDANTS' MOTION TO TRANSFER

Defendants respectfully move, pursuant to Fed. R. Civ. P. 7 to transfer this action pursuant to 28 U.S.C. §§ 1404(a) and 1406, to the Northern District of Alabama, where the Plaintiff is incarcerated, because the transfer would promote the interests of justice and the Court there would be a more convenient forum.

In support of this motion, Defendants rely upon the accompanying memorandum.  A proposed order is also attached.

Respectfully submitted,

_____
JEFFREY A. TAYLOR, DC Bar #498610
United States Attorney


_____
RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney


_____
W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| OKEY GARRY OKPALA, )<br>)<br>Plaintiff, )<br>)<br>v.           )<br>)<br>FEDERAL BUREAU OF PRISONS, et al., )<br>)<br>Defendants.          )<br>_____) | Civil Action No. 06-1530 RJL |

MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF DEFENDANTS' MOTION TO TRANSFER

Plaintiff has brought suit against the Federal Bureau of Prisons ("BOP") and the Federal Correctional Institution where he is incarcerated in Talladega, Alabama, claiming that various rights have been violated because his meal choice of a "common fare" diet at FCI Talladega does not include sufficient fresh produce items. See Complaint, ¶¶ 1, 4.[1] Plaintiff recognizes that these events are relatively unique to FCI Talladega, in that the menu resulted from a waiver of the standard BOP guidelines which was sought by, and approved for, FCI Talladega. Id., ¶ 2.

Defendants submit that for the convenience of the parties and witnesses and in the interest of justice, this action should be transferred to the Northern District of Alabama. Because the

---

[1] Plaintiff admits that fresh produce is available under other dietary options at the institution. Complaint, ¶ 4. And, Plaintiff supplemented the original complaint with a proffered newspaper article which notes, inter alia, that "Frozen vegetables and fruits retain the same nutrients as fresh. . ." Supplemental Complaint For Declaratory Judgment And Injunctive Relief, Attachment at 2.

relevant acts or omissions complained of in the Complaint occurred in Alabama and the witnesses and documents involved are in Alabama, this action should be transferred to the Northern District of Alabama, pursuant to 28 U.S.C. § 1404(a), for the convenience of parties and witnesses and in the interest of justice.[2]  This Court may also transfer this action pursuant to 28 U.S.C. § 1406(a), should it conclude that venue is not appropriate for the claims against FCI Talladega.[3]  See Cameron v. Thornburgh, 983 F.2d 253, 256-57 (D.C. Cir. 1993).

> Although under the common law doctrine of forum non conveniens, plaintiff's choice of forum was an overriding factor entitled to considerable weight, the significance of that choice has diminished since the enactment of § 1404(a).  Additionally, plaintiff's choice of forum has reduced value where the forum lacks any significant contact with the underlying cause of action.

Hotel Constructors, Inc. v. Seagrave Corp., 543 F. Supp 1048, 1050 (N.D. Ill. 1982) (citations omitted).  Moreover, Plaintiff's

---

[2]  28 U.S.C. § 1404(a) provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

[3]  Section 1406(a) provides:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

28 U.S.C. § 1406(a).

choice of forum is entitled to less weight when that forum is outside of plaintiff's home jurisdiction.  Stewart v. Capitol Area Permanente Medical Group, 720 F. Supp. 3, 5 (D.D.C. 1989).

Transfer is appropriate under 28 U.S.C. § 1404(a) and the Court of Appeals' decision in Starnes v. McGuire, 512 F.2d 918, 925 (D.C. Cir. 1974) (en banc).  In Starnes, the U.S. Court of Appeals for the District of Columbia Circuit recognized that federal prisoner litigation, while perhaps technically permissible in the D.C. venue, may be more conveniently litigated in the prisoner's district of confinement.[4]  Factors to consider in prisoner litigation which may warrant a change of venue include: (1) the prisoner plaintiff's difficulty of communicating with legal counsel, id. at 929-30; (2) difficulty in transferring the prisoner, id. at 930-31; (3) availability of witnesses and files, id. at 931; (4) speed of final resolution, id. at 932; and (5) whether the case involves issues of national policy which require testimony of high level administrators located in Washington, D.C., id. at 932-33.  Application of these factors in plaintiff's case weigh heavily in favor of transferring venue to the Northern District of Alabama, where FCI Talladega is located.

Specifically, Plaintiff has no legal counsel with whom he

---

[4]   "[T]here is certainly no reason why all cases involving the construction or constitutionality of a federal statute should be litigated in the District of Columbia."  Starnes, 512 F.2d at 925 n.7.

- 3 -

must communicate, but if he were to secure counsel, his communication with that attorney could best be accommodated in visits with the inmate at FCI Talladega, in Alabama.[5]  As the Court of Appeals has recognized, "[t]he burdens and dangers involved in transporting a prisoner across long distances [for court appearances] are, in our opinion, a significant inconvenience to the Bureau of Prisons and will normally justify transfer."  Starnes, 512 F.2d at 931.  The witnesses and files relevant to the meals served in Alabama are, of course, likely to be located at FCI Talladega, in Alabama.  Given the more ready access to files and witnesses in Alabama, it is certain to be a more efficient forum to resolve the issues; thus, the action is likely to be more promptly resolved there.  Lastly, the issue of what fresh fruits and vegetables are, and must be, included in a particular diet menu at FCI Talladega is not an issue of national concern, but better described as a local (if not personal) issue capable and worthy at best of a resolution at the institutional level.  Consequently, Plaintiff's cause of action should be transferred to the Northern District of Alabama, which is Plaintiff's district of incarceration.

---

[5]  Alternatively, his communications would be by telephone or mail directed to the prison facility in Alabama.

## CONCLUSION

For these reasons, this action should be transferred.

                Respectfully submitted,

_____
JEFFREY A. TAYLOR, DC Bar #498610
United States Attorney


_____
RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney


_____
W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney

CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that service of the foregoing Defendants' Motion To Transfer, supporting memorandum and a proposed order has been made by mailing copies thereof to:

OKEY GARRY OKPALA
#43667-019
P.O. Box 1000
Talladega, AL  35160

on this 22nd day of November, 2006.

                                W. MARK NEBEKER, DC Bar #396739
                                Assistant United States Attorney
                                Civil Division
                                555 4th Street, N.W.
                                Washington, DC  20530
                                (202) 514-7230