IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

RECEIVED

DEC 0 8 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

OKEY GARRY OKPALA,  )
        )
    Plaintiff,  )
        )
vs.  )
        )
FEDERAL BUREAU OF PRISONS:  )   CIVIL ACTION NO. 06-1530-RJL
FEDERAL CORRECTIONAL  )
INSTITUTION, TALLADEGA,  )
ALABAMA,  )
        )
    Defendants.  )

**PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION TO
TRANSFER.**

AND NOW, COMES THE PLAINTIFF, Okey Garry Okpala ("Mr. Okpala"), by and through pro-se, and pursuant to 28 U.S.C. § 1391(e) opposes the Defendant's motion to transfer the above-referenced case pursuant to 28 U.S.C. § § 1404(a) and 1406, to the Northern District of Alabama. In support thereof, Mr. Okpala states as follows:

1.) On July 31, 2006, Mr. Okpala filed a civil rights complaint for declaratory judgment and injunctive relief and motion for leave to proceed in forma pauperis. In the said complaint, Mr. Okpala pleaded and alleged, inter alia, that the Defendant, Federal Correctional Institution ("FCI"), Talladega, Alabama, violates the plain language of the National Standard Religious Diets Program by changing the National Standard Religious Program Diets without first obtaining proper authorization as mandated by the National Standard Religious Diets Program, which states: "changes to the planned Common Fare Menu may not be made at the Institutional level except when seasonal availability of specific fresh produce items dictates that temporary substitution be made." Exhibit A, annexed

1

to the Complaint, in violations of 5 U.S.C. § 553, et seq., Fifth Amendment to the United States Constitution, Eighth Amendment to the United States Constitution. That the FCI Talladega, Alabama has stopped serving fresh produce items, such as onion, tomato, bell pepper, vegetable beans, cualiflower, spinach, broccoli, cabbage, cucumber, etc, without any substitute available. See Complaint. That the FCI Talladega, Alabama, obtained Policy Waiver - P.S. 4700.04 for a temporary suspension of the National Standard Religious Diets Programs during its main kitchen renovation, for a so-called Pilot Program Menu, which contains none of the fresh produce items mentioned above. That the Policy Waiver granted by the National Office in Washington, DC, specifically stated that the Policy Waiver P.S. 4700.04 was only good during the kitchen renovation. Exhibit B annexed to the Complaint. That the kitchen renovation has been completed since November 2005 and the FCI Talladega, Alabama has refused to reinstate the National Standard Religious Diets Program which contains the above-mentioned fresh produce items. Exhibit A to the Complaint. That Mr. Okpala has presented the alleged violations via BP-9, BP-10, and BP-11 to the National Office of the Federal Bureau of Prisons ("BOP"), in Washington, D.C., and the National Office has endorsed the FCI, Talladega, Alabama's violations. See Complaint and Exhibits, incorporated herein by reference.

2.) The Defendants have filed a motion to transfer this matter to the United States District Court for the Northern District of Alabama, on the grounds that mr. Okpala is incarcerated at the Northern District of Alabama, the events occurred at the Northern District of Alabama; the witnesses and files are located at the Northern District of Alabama; it will be difficult transferring Mr. Okpala to Washington,

2

D.C., from Alabama for the purpose of this action; difficulty communicating with counsel, and that the issue of whether the FCI Talladega, Alabama, complies with the National Religious Diets is not an issue of National concern, etc. <u>See</u> Defendants' Motion To Transfer.[1]

3.) The Defendants did concede that Mr. Okpala is proceeding pro-se in this action and can communicate via mail or telephone in the event that he does retain counsel. <u>Id</u> at 4 n.5.

### Applicable Legal Standard

4.) It is clear the party moving for a change of venue has the burden of showing the desirabitity of any transfer it requests, that the party prefers another forum is not sufficient. 15 Federal Practice and Procedure § 3848-49; <u>Murphy v. Allen County Claims & Adjus., Inc.</u>, 550 F.Supp. 128, 133 (S.D. Ohio 1982).

5.) 28 U.S.C. § 1391(e) provides:

> A civil action in which a defendant is a officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which (1) a defendant in the action resides, (2) a substantial part of the events or

---

[1] Defendants asserted that Mr.Okpala admitted "that fresh produce is available under dietary options at the institution." Defendants' Motion to Transfer at 1 n.1. The issue whether the alleged fresh produce items that were omitted in the Religious Diets are used to prepare the general population's meal is irrelevant to the issue in this case. The issue in this case is clearly stated in the complaint - whether the Defendants are complying with the policy formulated by them concerning Religious Diets as clearly set forth in Exhibit A - whether the Defendants violate 5 U.S.C § 553, <u>et seq.</u>, the Fifth and Eighth Amendment to the United States Constitution by their alleged acts of omissions. Besides, the inmates participating in the Religious Diets Program are not allowed to eat the meal prepared for the general population as that will constitute a violation of the Religious Diets rules. Exhibit A.

3

> omissions giving rise to the claim occurred or a substantial part of property that is the subject of the action is situated, or (3) the plaintiff resides, if no real property is involved in the action. Additional persons may be joined as parties to any such action in accordance with Federal Rules of Civil Procedure and with such other venue requirements as would be applicable if the United States or one of its officers, employees, or agencies were not a party.

28 U.S.C § 1391(e).

6.) In interpreting § 1391(e), the District of Columbia Circuit states: "when the federal officers named as defendants are to be found within the District of Columbia for purposes of personal jurisdiction, venue is properly laid in the [District] under § 1391(e)." Starnes v. McGuire, 512 F.2d 918, 925 (D.C. Cir. 1974). That when venue is properly laid in the District of Columbia, "transfer elsewhere for convenience of parties and witnesses must be justified by particular circumstances that render transferor forum inappropriate and, in absence of such circumstances, transfer is unwarranted." Id. That the main purpose of 28 U.S.C. § 1404(a) is to afford defendants protection where maintenance of the action in the plaintiff's choice of forum will make litigation oppressively expensive, inconvenient, difficult or harassing to defendant. Id at 927.

7.) Based on these applicable legal standards, the Defendants have failed to carry their burden of showing the desirability of a transfer to the Northern District of Alabama.

### The relevant acts or omissions complained of in the complaint did not all occur in Alabama.

8.) The Defendants improperly asserted that the "relevant acts or omissions complained of in the Complaint occurred in Alabama."

4

Defendants' Motion To Transfer, at 2.[2] The relevant acts or omissions complained of occurred in Washington, D.C., and the Northern District of Alabama. The record indicates that Mr. Okpala filed his complaint via BP-9, BP-10, BP-11. That the BP-11 decision was rendered in Washington, D.C., by the Defendant BOP ratifying the alleged acts or omissions complained of in the complaint. That the Defendant BOP is responsible for formulating the National Policy on Religious Diets. That the Defendant BOP promulgated the Religious Diet Program under attack by ratifying the alleged violations via denial of BP-11 request. Therefore, the final act in the series of events which culminated to the instant cause occurred in Washington, D.C.. Exhibit C of the Complaint.

### Convenience of parties, witnesses or files.

9.) The Defendants improperly asserted that witnesses and files of this action are located at the Northern District of Alabama. Id. The record of this cause shows witnesses and files in this cause are located in Washington, D.C.. That the BOP Headquarters is located in Washington, D.C.. That the witness who ratified the alleged acts or omissions complained of in this matter are located at the BOP Headquarters in Washington, D.C.. These witnesses can testify as to their justification for ratifying the alleged acts or omissions

---

[2] Furthermore, the Defendants continue to mischaracterize Mr. Okpala's pleadings and allegations by stating that "Plaintiff recognizes that these events are relatively unique to FCI Talladega, in that the menu resulted from a waiver of the standard BOP Guideline." Defendant's Motion To Transfer at 1. This characterization of Mr. Okpala's pleadings and allegations is incomplete, inaccurate and misleading. Mr.Okpala pleaded and alleged that the Defendants obtained a waiver of the Standard Religious Diets Program during FCI Talladega's, main kitchen renovation, that the waiver was effective only during the main kitchen renovation. That the main kitchen renovation was completed in November 2005. Therefore, the waiver expired in November 2005. See Complaint at 2.

complained of in the complaint.  Exhibits A, B, and C of the Complaint.

### Difficulty in transferring the prisoner.

10.) The Defendants conceded that Mr. Okpala can communicate by "Telephone or Mail directed to the prison facility in Alabama." Id. at 4.  Because Mr. Okpala can communicate by telephone or mail directed to the prison facility, there is a probability that Mr. Okpala will not be transported to Washington, D.C. for the merits of this action.

### The issue of omitting fresh produce items from the Religious Diets Program is an issue of National concern.

11.) The Defendants asserted that the issue of omitting the fresh produce items from the Religious Diets Program is not an issue of National Concern.  Id. at 4.  The record of this case shows that the BOP Headquarters is located in Washington, D.C..  That the Washington, D.C. Headquarters is solely responsible for formulating the National Policy Governing Religious Diets Programs for all the federal prison facilities under the BOP.  That the Washington, D.C. Headquarters has promulgated a Standard Religious Diets Program for all of the federal prison facilities under its control.  See Exhibit A, annexed to the Complaint.  That the BOP Headquarters in Washington, D.C. has ratified a substantial departure from the National Standard which Mr. Okpala pleaded and alleged is unconstitutional.  Exhibit B of the Complaint.

12.) Pursuant to 28 U.S.C. § 1391(e), the acts or omissions complained of in the complaint and annexed Exhibits, Mr. Okpala

has the option of bringing this suit in this District or in the Northern District of Alabama. Mr. Okpala has elected to bring his claims in this District. Mr. Okpala is the only one inconvenienced by his forum choice. Because Mr. Okpala's choice of forum is normally preferred, transfer is not proper if Mr. Okpala is the only person inconvenienced by the forum choice.

## CONCLUSION

Based on all of the records set forth herein, Defendants have failed in their burden of showing the desirability of any transfer to the Northern District of Alabama. Therefore, motion to transfer is due to be denied.

Dated: November 29, 2006.

Respectfully Submitted

Okey Garry Okpala
#43667-019
Federal Correctional Institution
PMB 1000
Talladega, AL. 35160

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served to the party to this cause by depositing a copy of the same in the United States Mail with adequate postage addressed to:

> W. Mark Nebeker, D.C. Bar #396739
> Assistant United States Attorney
> Civil Division
> 555 4th Street, N.W.
> Washington, D.C. 20530

Dated: November 29, 2006.

Okey Garry Okpala
#43667-019