UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

OKEY GARRY OKPALA,                    )
                                      )
            Plaintiff,                )
                                      )
      v.                              ) Civil Action No. 06-1530 RJL
                                      )
FEDERAL BUREAU OF PRISONS, <u>et</u> <u>al.</u>, )
                                      )
            Defendants.               )
_____)

<u>REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER</u>

Defendants have moved to transfer this action to the

Northern District of Alabama, where the Plaintiff is

incarcerated, because the transfer would promote the interests of

justice and the Court there would be a more convenient forum.

Plaintiff opposes, arguing that because he exhausted available

administrative remedies with the Bureau of Prisons ("BOP"), he

has received a denial of his request for relief from BOP's

Central Office here in the District of Columbia.  <u>See</u> 28 C.F.R. §

542.15 (noting that BP-11 appeal forms are directed to the

General Counsel).  This, Plaintiff argues, means that his action

should proceed here, notwithstanding that the alleged injury

stems from his inability to get fresh fruit and vegetables at FCI

Talladega, in Alabama, based on an exception to a national BOP

policy.  <u>See</u> Plaintiff's Opp. at 1 ("Mr. Okpala pleaded and

alleged, inter alia, that Defendant, Federal Correctional

Institution ('FCI'), Talladega, Alabama, violates the plain

language of the National Standard Religious Diets Program . . .")

Because all prisoners are required under the Prison

Litigation Reform Act ("PLRA") to exhaust administrative

remedies,[1] any Federal Prisoner suit would, under Plaintiff's

theory, proceed in the District of Columbia, where the last level

of appeal was exhausted.  As the Court of Appeals recognized in

Starnes v. McGuire, 512 F.2d 918, 925 (D.C. Cir. 1974) (en banc),

while federal prisoner litigation may technically be permissible

in this venue, it may be more conveniently litigated in the

prisoner's district of confinement.  Defendants have met the

standard for transfer here, where what is sought to be litigated

is an exception to the BOP national policy, and whether the food

that is being afforded to Plaintiff in Alabama satisfies

constitutional minimum standards, even though the fruit and

vegetable portions of his diet may not be as fresh as he might

get were he to opt out of the common fare diet program.  See 28

C.F.R. § 548.20(b) (noting that a prisoner may withdraw from the

common fare religious diet program if he chooses).

In any event, the existence of a challenge to national

policy is only one factor among many others to be considered in a

transfer decision, and it does not mandate that the case be

litigated in this district.  Starnes v. McGuire, 512 F.2d at 929;

---

[1]  See 28 U.S.C. Part 542; Woodford v. Ngo, 126 S.Ct. 2378,
2382 (2006) ("The PLRA strengthened this exhaustion provision in
several ways. Exhaustion is no longer left to the discretion of
the district court, but is mandatory.") (citing Booth v. Churner,
532 U.S. 731, 739 (2001)).

Dominquez v. Bureau of Prisons, 2006 WL 1445041, 4 (D.D.C. 2006).

Venue is also proper where the implementation of the policy takes

place. Zakiya v. United States, 267 F.Supp.2d 47, 59 (D.D.C.

2003); Huskey v. Quinlan, 785 F.Supp. 4, 7 (D.D.C. 1992).

Thus, Plaintiff argues he is challenging actions by an

official located in the District of Columbia.  However, this

official was not involved in the Plaintiff's request until

Plaintiff filed an administrative remedy appeal at the central

office level.  This Court very wisely has explained that "mere

involvement on the part of federal agencies, or some federal

officials who are located in Washington, DC, is not

determinative" of venue.  Southern Utah Wilderness Alliance v.

Norton, 315 F.Supp. 2d 82 (D.D.C. 2004).  To maintain this case

in the District of Columbia would support the inference that all

inmates who exhaust the administrative remedy procedures

could file lawsuits in the District of Columbia, a situation that

could dramatically increase the cases in this Court's docket

without due regard to the security concerns recognized in

Starnes.  Moreover, courts give less deference to the Plaintiff's

choice of forum when the forum chosen is not the forum of his

residence.  Dominquez, supra, at 4.  Plaintiff is not a resident

of the District of Columbia; the events he complains of did not

occur here as the implementation of the policy did not occur in

this district.

- 3 -

Assuming that Plaintiff were deemed to be challenging a central policy (a central policy to make a limited exception to a more general central policy), this Court has the authority to transfer the case to Alabama, as the policy is being implemented in that jurisdiction.  Plaintiff is currently incarcerated in Alabama, and the witnesses surrounding what fruits and vegetables are available there, and why there are limitations placed on the common fare diet there, can all be located in Alabama.  By contrast, all that Plaintiff appears to argue is in the District of Columbia would be  "the witness who ratified the alleged acts or omissions complained of in this matter. . ."  Plaintiff's Opp. at 5.  Plaintiff misunderstands the significance of the conclusion by the National Inmate Appeals Administrator, which Plaintiff has attached to the Complaint.  In that decision, the National Inmate Appeals Administrator concluded that "both the Warden and the Regional Director adequately addressed [Plaintiff's] concerns. . . ."  Complaint, Exhibit at 5.  The decision also noted that Plaintiff could choose to partake of the regular fare meals and that "fresh produce offered by food service is dependent upon seasonal availability of produce."  Id. The adequacy of Plaintiff's diet must therefore be examined with an eye toward the actual food being supplied to him in Alabama, as well as the food that he may opt to eat under the regular diet, which may change depending upon the seasonal availability

of food <u>in Talladega</u>, <u>Alabama</u>.  If there is any dispute over
these issues and witnesses are required to be deposed or called
to testify in a hearing, they cannot easily be secured in the
District of Columbia.

The proper time to address these issues would be before the
Judge and the Assistant United States Attorney in the case expend
significant time learning (or attempting to learn) the facts of
the case, just to ascertain that the matter will require
significant witness interviews and document review from FCI
Talladega.  In short, either Plaintiff has no case and the action
will be resolved on a motion to dismiss, or Plaintiff's
allegations will have to be dealt with based on the facts known
to the witnesses at FCI Talladega.  If Plaintiff's claims are to
be believed, then witnesses from Alabama will be required to
provide testimony.  Given all the circumstances, this action
would be more efficiently maintained in the Northern District of
Alabama, where the litigation has no chance of requiring the
transfer of the Plaintiff and witnesses hundreds of miles, or
requiring the parties to pay the cost of travel for counsel or
the witnesses to be present for depositions or for trial.

For these reasons, and those previously set forth by Defendants, this action should be transferred.

Respectfully submitted,

_____
JEFFREY A. TAYLOR, DC Bar #498610
United States Attorney

_____
RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney

_____
W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that service of the foregoing Reply To

Plaintiff's Opposition To Defendants' Motion To Transfer,

supporting memorandum and a proposed order has been made by

mailing copies thereof to:

OKEY GARRY OKPALA
#43667-019
P.O. Box 1000
Talladega, AL  35160

on this 18th day of December, 2006.

_____

W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, DC  20530
(202) 514-7230