UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| OKEY GARRY OKPALA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 06-1530 RJL |
| | ) |
| FEDERAL BUREAU OF PRISONS, <u>et</u> <u>al.</u>, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

DEFENDANTS' MOTION FOR ENLARGEMENT OF TIME,
AND MEMORANDUM IN SUPPORT THEREOF

Defendants hereby move, pursuant to Fed. R. Civ. P. 6(b)(1),

for an enlargement of time to respond to Plaintiff's Complaint,

as supplemented, and Plaintiff's Motion For A Preliminary

Injunction[1] in this action up to and including January 17, 2007.

Plaintiff is a federal prisoner who provides no telephone number

at which he can be reached.  Accordingly, he has not been

contacted to determine his position on this motion.[2]

_____

[1]  In fact, because Plaintiff has never served the motion
for preliminary injunction in the case, a response is not yet
due.  <u>See</u> Local Civ. R. 65.1(c).  Nevertheless, counsel has noted
on the Court's docket that such a motion has been filed.  Given
that Plaintiff has the option of withdrawing from the common fare
diet program to rejoin the regular diet, where he admits fresh
fruit and vegetables are available, there would be no prejudice
to Plaintiff from any delay in resolving the motion.  <u>See</u> 28
C.F.R. § 548.20(b) (noting that a prisoner may withdraw from the
common fare religious diet program if he chooses).

[2]  Local Civil Rule 7.1(m) requires "counsel" to discuss
nondispositive motions with "opposing *counsel*."  It does not
require counsel to discuss those motions with <u>pro</u> <u>se</u> parties.
Nonetheless, it has been the general practice of this office to
attempt to discuss such motions with nonprisoner <u>pro</u> <u>se</u> parties.
This practice is informed by, and consistent with, Local Civil
Rule  16.3(a).  Local Civil Rule 16.3(a) excludes prisoner <u>pro</u> <u>se</u>

This request is made because the Assistant United States Attorney ("AUSA") assigned primary responsibility in this action is working with agency counsel to complete a joint dispositive motion and opposition to Plaintiff's request for injunctive relief, but will require additional time to gather needed factual information and documentation in the case.[3]  In addition, the AUSA is scheduled to be out of the office over the Holidays and has numerous other filings that he has been preparing and that he must prepare in the next month, in addition to attending several depositions.  Moreover, Defendants have filed a motion to transfer this action to the district of Plaintiff's incarceration.  If that motion is granted, Defendants seek additional time to allow a new Assistant United States Attorney in Alabama to familiarize himself or herself with the facts of the case and to draft a response to the allegations in this action allowing a filing with a greater emphasis on the cases in that jurisdiction.

WHEREFORE, Defendants move for an enlargement of time to respond further in this action until January 17, 2007, or, should

_____

parties from the Court's meet-and-confer requirements. Specifically, that Rule requires "[c]ounsel (including any *nonprisoner* pro se party)" to meet and confer prior to a scheduling conference.  Local Civil Rule 16.3(a) (emphasis added).

[3]  As noted in the pending Motion To Transfer, the distance from the witnesses and documents of significance can only have operated to add to this delay.

the action be transferred, thirty days after receipt of the file

in the Northern District of Alabama.

Respectfully submitted,


_____
JEFFREY A. TAYLOR, DC Bar #498610
United States Attorney


_____
RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney


_____
W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing Defendant's

Motion For Enlargement Of Time, And Memorandum In Support Thereof

and a proposed order has been made by mailing copies thereof to:

OKEY GARRY OKPALA
#43667-019
P.O. Box 1000
Talladega, AL  35160

on the 20th day of December, 2006.

_____
W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, DC  20530
(202) 514-7230

- 1 -