IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

RECEIVED
JAN 1 1 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

```
OKEY GARRY OKPALA,              )
                                )
        Plaintiff,              )
                                )
vs.                             )   Civil Action No. 06-1530-RJL
                                )
FEDERAL BUREAU OF PRISONS, et al.)
                                )
        Defendants.             )
```

### SUPPLEMENTAL MEMORANDUM TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER

AND NOW, COMES THE PLAINTIFF, Okey Garry Okpala ("Mr. Okpala") by and through pro-se, hereby submits the foregoing supplemental memorandum to his opposition to Defendants' motion to transfer, and states as follows:

1.) Mr. Okpala incorporates his pleadings and allegations, and exhibits as more fully set forth in the original complaint for declaratory judgment and injunctive relief; supplemental complaint to complaint for declaratory judgment and injunctive relief; and memorandum in opposition to Defendants' motion to transfer, by reference.

2.) It is settled that a case should not be transferred "from a plaintiff's chosen forum simply because another forum, in the court's view, may be superior to that chosen by the plaintiff." Pain v. United Technologies Corp., 637 F.2d 775, 783 (D.C. Cir. 1980). Absent specific facts that would cause a district court to question plaintiff's choice of forum, plaintiff's choice is afforded substantial deference. See Shapiro Lifschitz & Schran,

1

P.C. v Hazard, 24 F.Supp.2d 66, 71 (D.D.C. 1998)(citing Int'l Bhd of Painters and Allied Tralles Union v. Best Painting and Sandblasting Co., F.Supp. 906, 907 (D.D.C. 1985); Gross v. Owen, 221 F.2d 94, 95 (D.C. Cir. 1955)).

3.) Given the preceding legal standard in determining whether a forum is proper in this Court, Mr. Okpala submits that the Defendants have not met their burden of producing specific facts that would cause this Court to question Mr. Okpala's choice of forum. All the Defendants have offered this Court are speculations, not specific facts. The Defendants are using section 1404(a) as means of forum shopping. Based on Mr. Okpala's factual pleadings and allegations, sufficient nexus to the District of Columbia exists to deserve deference to his choice of forum. See Greater Yellowstone Coalition v. Bosworth, 180 F.Supp.2d 124, 128 (D.D.C. 2001) (denying defendant's motion to transfer where plaintiff's complaint required interpretation of federal statutes and federal government officials located in the District of Columbia had been involved in the decision about which plaintiff sought judicial review).

WHEREFORE, for all the reasons set forth herein and in the memorandum in opposition to the Defendant's motion to transfer, Mr. Okpala submits that the Defendants' motion to transfer is due to be denied.

Dated: December 25, 2006.

                                         Respectfully Submitted

                                         Okey Garry Okpala
                                         #43667-019
                                         Pro-se/Paralegal
                                         Federal Correctional Institution
                                         PMB 1000
                                         Talladega, AL. 35160

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing to the party to this action by depositing a copy of the same in the United States mail with adequate postage addressed to:

>W. Mark Nebeker DC bar #396739
>Assistant United States Attorney
>Civil Division
>555 4th Street, N.W.
>Washington, DC 20530

Dated: December 25, 2006.

*/s/ Okey Garry Okpala*
Okey Garry Okpala
#43667-019