UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
FEB 7 - 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

OKEY GARRY OKPALA, )
)
    Plaintiff, )
)
v. ) Civil Action No. 06-1530 (RJL)
)
FEDERAL BUREAU OF PRISONS, et al., )
)
    Defendants. )

## MEMORANDUM OPINION

Plaintiff is an inmate at the Federal Correctional Institution in Talladega, Alabama ("FCI-Talladega"). Proceeding *pro se,* he brings this action for declaratory and injunctive relief alleging that the food service at the prison violates the Eighth Amendment. Plaintiff has separately filed a motion for a preliminary injunction.

Defendants have moved to transfer the case to the Northern District of Alabama. For the reasons stated below, the motion will be granted.

## I. BACKGROUND

Plaintiff alleges that when he was initially transferred to FCI-Talladega, the prison offered a "common fare" menu, a religious diet consisting of a variety of fresh vegetables. Compl. at 1. In November, 2004, the kitchen at the institution underwent a renovation. *Id.* As a result, FCI-Talladega received a policy waiver from the "religions certified food program menu" required by the Bureau of Prisons ("BOP"). *Id.* The replacement "Pilot Menu" did not contain the fresh produce previously available at the inmate kitchen. *Id.* at 2.

According to plaintiff, the kitchen renovation was completed in November, 2005, but

1

the institution continued to serve the Pilot Menu. *Id.* Plaintiff filed an inmate grievance requesting that the common fare menu be reinstated. *Id.* In his written grievance, plaintiff stated that because of his high blood pressure and cholesterol, he needed to maintain a balanced diet which includes fresh produce. *Id.* In response, the Warden at FCI-Talladega informed plaintiff that the institution would continue the Pilot Menu. *Id.* at 3 & Exh. C.

Plaintiff contends that the change in the prison menu is a substantive policy matter subject to the rulemaking provisions of the Administrative Procedure Act, 5 U.S.C. § 553. *Id.* at 3. He also claims that the BOP's failure to offer fresh produce constitutes deliberate indifference to his health and safety in violation of the Eighth Amendment. *Id.* at 4. He seeks a declaration that the present food program is unconstitutional and an order directing FCI-Talladega to reinstate the common fare menu. *Id.* at 6.

## II. DISCUSSION

Defendants move to transfer the case to the Northern District of Alabama, where FCI-Talladega is located. A district court may transfer a civil action to any other district where the claim might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a); *see also Zakiya v. United States*, 267 F. Supp. 2d 47, 59 (D.D.C. 2003). In considering whether transfer would be proper, the court considers the following factors:

> [T]he convenience of the witnesses of plaintiff and defendant; ease of access to sources of proof; availability of compulsory processes to compel the attendance of unwilling witnesses; the amount of expense for the willing witnesses; the relative congestion of the calendars of potential transferor and transferee courts; and other practical aspects of expeditiously and conveniently conducting a trial.

*SEC v. Page Airways*, 464 F.Supp. 461, 463 (D.D.C. 1978).

Even though a court should typically give deference to a party's forum choice, it need give substantially less deference when the forum preferred by the petitioner is not his home forum. *Piper Aircraft v. Reyno*, 454 U.S. 235, 255-56 (1981); *Boers v. United States*, 133 F. Supp. 2d 64, 65 (D.D.C. 2001). Moreover, "there is certainly no reason why all cases involving the construction or constitutionality of a federal statute should be litigated in the District of Columbia." *Starnes v. McGuire*, 512 F.2d 918, 925 n.7 (D.C.Cir. 1974)(en banc).

Plaintiff is challenging the decision of officials at FCI-Talladega to alter the menu policy. Any relevant witnesses and potential documentary evidence pertinent to plaintiff's claim would be located there. The significant events alleged in the complaint occurred at FCI-Talladega.

Additional factors support a transfer from this district. This case does not involve an issue of national policy which would require the testimony of high-level agency officials in Washington, D.C. *See Starnes*, 512 F.2d at 932-33. The fact that the District of Columbia has no apparent connection to this case aside from being the capital of the United States supports a transfer of venue. *See Boers*, 133 F. Supp. 2d at 66. For these reasons, the proper venue for this action is the Northern District of Alabama. Therefore, in the interest of justice, the case should be transferred to that district.

### III. CONCLUSION

Based on the foregoing, defendants' motion to transfer will be granted. The case will be ordered transferred to the Northern District of Alabama. A separate Order accompanies this Memorandum Opinion.

RICHARD J. LEON
United States District Judge

DATE: 2/6/07

3