IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

**RECEIVED**

FEB 0 9 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

OKEY GARRY OKPALA,　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　　Plaintiff,　　　　　　)
　　　　　　　　　　　　　　　　　)
vs.　　　　　　　　　　　　　　　 )　　Civil Action No. 06-1530-RJL
　　　　　　　　　　　　　　　　　)
FEDERAL BUREAU OF PRISON, et al.)
　　　　　　　　　　　　　　　　　)
　　　　　　Defendants.　　　　　 )

OPPOSITION TO DEFENDANT'S MOTION
TO DISMISS OR, IN THE ALTERNATIVE,
FOR SUMMARY JUDGMENT

AND NOW, COMES THE PLAINTIFF, Okey Garry Okpala ("Mr. Okpala")
by and through pro-se hereby files an opposition to Defendants'
motion to dismiss or, in the alternative, for summary judgment
("Defendants' Motion to Dismiss").

I
PRELIMINARY STATEMENT

Mr. Okpala filed a civil rights complaint for declaratory
judgment and injunctive relief, motion for preliminary injunction
on July 31, 2006, after exhausting his administrative remedies,
complaining that the Pilot Program currently instituted at the
Federal Correctional Institution ("FCI"), Talladega, Alabama, is
nutritionally deficient because it does not contain fresh produce
items, such as fresh tomato, onion, bellpepper, veatable beans,
cauliflower, spinach, broccoli, cabbage, cucumber, carrot, etc.
as set forth in Religious Diet Program, Program Statement ("PS")
4700.04.  Complaint For Declaratory Judgment and Injunctive Relief
("Complaint"), Exhibit A.  That the so-called pilot program was

being instituted without proper authorization as mandated under
P.S. 4700.04.    That continuing the Pilot Program without proper
authorization constitutes a violation of 5 U.S.C. § 553, et seq.
That there is no penological justification in depriving Mr. Ok-
pala's and other inmates who are participating in Religious Diet
Program the aforesaid fresh produce items.    That depriving inmate
Okpala and other inmates who are participating in Religious Diet
Program the aforesaid fresh produce items constitutes a violation
of the Fifth, Eighth, and Fourteenth Amendments to the United
States Constitution.  See Complaint.

　　　Mr. Okpala also filed a motion for a preliminary injunction,
contending that a preliminary injunction should be issued to pre-
vent potential serious risk of stroke and dying from cardiovascular
diseases, developing osteoporosis, bone mineral deficiency, pros-
tate cancer, lung cancer, heart and eye diseases, as well as st-
omach, colon, and other cancers from lack of the aforementioned
fresh produce items in the Religious Diet Program menu at the FCI
Talladega, Alabama.  See Supplemental Complaint and Attachment.

　　　The Defendants filed a motion to transfer the case to the
Northern District of Alabama due to improper venue.  See Defend-
ants Motion To Transfer.

　　　Mr. Okpala filed an opposition motion to Defendants motion
to transfer.  See Opposition To Defendants' Motion To Transfer.

　　　Mr. Okpala subsequently filed a motion for leave to file
a supplemental memorandum of law in support of his opposition to
Defendants motion to transfer, and supplemental memorandum in sup-
port of his opposition to Defendants' motion to transfer.

2

The Defendants have filed a motion to dismiss pursuant to Fed.R.Civ.P. 12 (b)(3) and (6) to dismiss this action. In the alternative, for summary judgment to Fed.R.Civ.P. 56, making numerous arguments, including that this Court does not have subject matter jurisdiction, that Mr. Okpala failed to state a claim upon which relief may be granted, that the venue is improper in this Court, and that this Court should grant the Defendants' summary judgment, all without an evidentiary hearing to give Mr. Okpala[1] the opportunity to develop the facts supporting his claims, because the Defendants have legitimate penological justification for depriving Mr. Okpala and other inmates on Religious Diet Program at the FCI, Talladega, Alabama, the essential fresh produce items complained of in this case. See Defendants' Motion To Dismiss.

The Defendants have submitted a declaration of Thomas Issermoyer, ("Mr. Issermoyer") National Food Service Administrator, Federal Bureau of Prisons ("BOP"), a new policy waiver, and new Program Statement (4700.05) in support of their motion to dismiss.

---

[1] Mr. Okpala has been incarcerated since 1993, based on alleged heroin conspiracy, is sentenced to 30 years' imprisonment under the custody of the BOP, after a trial which he was excluded in substantial portions of the proceedings against him, and which the unsigned trial transcript is doctored to change what actually transpired during trial. Mr. Okpala's motion to vacate, 28 U.S.C. § 2255, raising about 35 issues, including issues relative to the use of the unsigned and doctored transcript to incarcerate him has been pending in the United States District Court, Northern District of Georgia, Atlanta Division, since 1998 because two district judges associated with the case have refused to rule on the motion based on Mr. Okpala's verified pleadings, allegations and exhibits which if ruled on the merits, would demonstrate that Mr. Okpala has been unlawfully incarcerated since 1993. Case Nos. 1:93-CR-092-01-GET; 1:99-CV-063-GET; 1:02-CV-1012-RWS. Mr. Okpala welcomes any assistance in getting the District Judge assigned to Mr. Okpala's motion to vacate, 28 U.S.C. § 2255, to address the merits of the claims raised in the motion and other pleadings relative to it based on Mr. Okpala's pleadings and allegations forthwith, so that Mr. Okpala can be released from prison and feed himself.

In support of Mr. Okpala's opposition to the Defendants' motion to dismiss, Mr, Okpala has filed herewith, a statement of material facts in dispute.

## II

## THIS COURT HAS SUBJECT MATTER JURISDICTION

Mr. Okpala realleges, repleads, the pleadings and allegations more fully set forth in his complaint, motion for a preliminary injunction, supplemental complaint, opposition to Defendants' motion to transfer, motion for leave to file a supplemental memorandum in support of opposition to Defendants' motion to transfer, supplemental memorandum in support of opposition to Defendants' motion to transfer, and the statement of material facts in dispute as though fully set forth herein.

Under Rule 12(b)(1), Fed.R.Civ.P., which governs motion to dismiss for lack of subject   matter jurisdiction, "[t]he plaintiff bears the burden of persuasion to establish subject matter jurisdiction by a preponderance of the evidence." Pitney Bowes, Inc. v. United States Postal Serv., 27 F.Supp.2d 15, 19 (D.D.C. 1998). In review such a motion, this Court must accept as true all the factual allegations contained in the complaint. Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 164 (1993). Additionally, in deciding a Rule 12(b)(1) motion, it is well established in this Circuit that a court is not limited to the allegations in the complaint, but may also consider material outside of the pleadings in its effort to determine whether the court has jurisdiction in the case. See

4

EEOC v. St. Francis Xavier Parochial Sch., 117 F.3d 621, 624-25
n.3 (DC Cir. 1997); Herbert v. Nat'l. Acad. of Sci., 974 F.2d 192,
197 (DC Cir. 1992).

     This Court has subject matter jurisdiction to rule on Mr.
Okpala's complaint and motion for a preliminary injunction to pre-
serve the status quo pending the final resolution of this matter
following an evidentiary hearing and discovery.  To make findings
of fact and conclusions of law.  And to grant the requested relief.
Mr, Okpala has standing to bring this action in as much as Mr. Ok-
pala is incarcerated and a participant in the Religious Diet Pro-
gram at the FCI, Talladega, Alabama.  See 28 U.S.C. §§ 1331,[2] 1343,
18 U.S.C § 3626, and 5 U.S.C. § 553, et seq. Mr. Okpala does not have
to suffer actual harm or death before he can bring this action for
preliminary, declaratory judgment and permanent injunction.  All
Mr. Okpala is required to demonstrate is a serious risk to future
harm to bring this action.  Helling v. McKinney, 509 U.S. 25, 35-
36 (1993); Ex-parte Young, 209, U.S. 129,159-60 (1908); Papasan v.
Allain, 478 U.S. 265, 278 (1986); Will v. Michigan Dept. of State
Police, 491 U.S. 58, 71 n.10 (1989); Missouri v. Jemkin, 491 U.S.
274, 280 (1989); Hutlo v. Finney, 437 U.S. 678, 695 (1978).

---

[2]The regulation at issue was promulgated pursuant to authority delegated by
congress to BOP and the Attonery General. See  18 U.S.C.§ 4042 ( 1982 ).
It is therefore, a" law of the United States" for purpose of 28 U.S.C.§1331
Chase v. Chasen, 595 f 2d 59, 62 (1st cir. 1979) (For purpose of 28 U.S.C.§
1331 ( 1982 ), an agency requlation is law of the United states if promul-
gated in a formal manner and pursuant to a statutory delegation of authority)
The Supreme Court has declared in Turner V.Safley, 482 U.S. 78 84 ( 1987 ),
because prisoners retain constutional rights when " a prison regulation or
practice offends a fundamental constitutional guarrantee, federal court will
discharge their duty to protect constitutional rights " see also Procunier v.
Martinez,  416 U.S. 396, 405-406 (1974).

III

## MR. OKPALA STATED A CLAIM UPON WHICH
## RELIEF CAN BE GRANTED

Mr. Okpala repleaded and realleges the pleadings and allega-
tions set forth in his complaint, motion for a preliminary injunc-
tion, supplemental complaint, and statement of material facts in
dispute attached hereto, as though fully set forth herein.

Based on the pleadings and allegations set forth in Mr. Okpa-
la's complaint, and a statement of material facts in dispute at-
tached hereto, and supplemental complaint and attachment, Mr. Ok-
pala has alleged sufficient facts which, if proven in an evident-
iary hearing, would demonstrate that his Fifth and Eighth Amend-
ment rights have been violated, warranting a preliminary injunc-
tion as well as permanent injunction.

On a motion to dismiss for failure to state a claim upon which
relief can be granted pursuant to Rule 12(b)(6), this court con-
strued the allegations and facts in the complaint in the light
most favorable to the plaintiff and must grant the plaintiff the
benefit of all inferences that can be derived from the facts alleged.
Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Barr v. Clinton, 370
F.3d 1196, 1199 (DC Cir. 2004) (citing Kowal v. MCI Communications
Corp., 16 F.3d 1271, 1276 (DC Cir. 1994)). However, the Court need
not accept asserted inferences or conclusory allegations that are
unsupported by the facts set forth in the complaint.    Kowal, 16
F.3d at 1276.  In deciding whether to dismiss a claim under Rule
12(b)(6), the Court can only consider the facts alleged in the
complaint, documents attached as exhibits or incorporated by re-
ference into the complaint, and matters about which the Court

6

may take judicial notice. EEOC v. St. Fancis Xavier Parochial Sch., 117 F.3d 621, 624-25 (DC. CIr. 1997). The COurt will dismiss a claim pursuant to Rule 12(b)(6) only if the defendant can demonstrate "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 45-46.

Applying the preceding legal standard to Mr. Okpala's complaint, statement of material facts attached hereto, and supplemental complaint and attachment, Mr. Okpala has alleged and plead ed sufficient facts which, if taken as true,   show that his Fifth and Eighth Amendment rights to the United States Constitution have been violated, with deliberate indifference and reckless disregard to Mr. Okpala's future health condition.

The Eighth Amendment claim.

Although "[t]he Constitution 'does not mandate comfortable prisons', ... neither does it permit inhumane ones ...." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (quoting Rhodes v. Chapman, 452 U.S. 337, 349 (1981)). "[I]t is now settled that 'the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment.'" Farmer, 511 U.S. at 832 (quoting Helling v. McKinney, 509 U.S. 25, 31 (1993)). Conditions of confinement will violate the Eighth Amendment if the deprivation is sufficiently serious, judged objectively, that is, when the prisoner is denied "the minimal civilized measure of life's necessities." Farmer, 511 U.S. at 834 (quoting Rodes, 452 U.S. at 347). Moreover, the prison official(s) must have acted with deliberate indifference to the inmate, that is,

with recklessness.  Farmer, 511 U.S. at 834-35; Wilson v. Seiter, 501 U.S. 294, 303 (1991).  In order to find an Eighth Amendment violation respecting condition of confinement, the evidence must show that the prison official was "both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Farmer, 511 U.S. at 837.

An Eighth Amendment violation may be supported by a serious risk of future harm.  See Helling v. McKinney, 509 U.S. 25, 36 (1993), in which the Court pointed out that a prisoner can complain demonstrably unsafe water without waiting to develop dysentry.

Apply the preceding legal standard to Mr. Okpala's complaint, statement of material facts, supplemental complaint, Mr. Okpala has alleged and pleaded sufficient facts which, if proven, after discovery and evidentiary hearing would entitle him to relief. Mr. Okpala need only plead  and allege  a serious risk of developing the disease stated in attachment to his supplemental complaint due to the lack of the fresh produce items complained of in his Religious Diet, that this serious risk was put in place by the Defendants with deliberate indifference and reckless disregard to Mr. Okpala's future health.  Mr. Okpala's pleadings and allegations have met this threshold to be entitled to an evidentiary hearing.


IV

## AN EVIDENTIARY HEARING IS NECESSARY

Mr. Okpala repleads, realleges the pleadings and allegations set forth in his complaint, statement of material facts in dis-

pute attached hereto, and supplemental complaint and attachment
as fully set forth herein.

Mr. Okpala is not required to prove his case in full before
a preliminary injunction may issue.

> The purpose of a preliminary injunc-
> tion is merely to preserve the rela-
> tive position of the parties until a
> trial on the merits can be held. Given
> the haste that is often necessary if
> those positions are to be preserved,
> a preliminary injunction is customarily
> granted on the basis of procedure that
> are less formal and evidence that is
> less complete than a trial on the mer-
> its.  A party thus is not required to
> provide his case in full at a prelim-
> inary injunction hearing,...and the
> findings of fact and conclusions of
> law made by a court granting a pre-
> liminary injunction are not binding
> at trial on merits.

University of Texas v. Camenich, 451 U.S. 390, 394 (1981).

Applying the preceding legal principle to Mr. Okpala's ple-
adings and allegations as set forth in his statement of material
facts in dispute, his complaint, and supplemental complaint, Mr.
Okpala has pleaded and alleged sufficient fact which if proven
at an evidentiary hearing, would demonstrate that he has a sub-
stantial likelihood of success on the merits; that irreparable
harm will be suffered absent the preliminary injunction; that
the threatened harm to Mr. Okpala and other present and future
inmates at the FCI, Talladega, Alabama, who will and are partic-
ipating in Religious Diet Program outweighs whatever harm the pro-
posed preliminary injunction may cause the Defendants; and that,
if issued, the preliminary injunction would not be adverse to
the public interest in ensuring that constitutional and statutory

rights are extended to every person regardless of the race, national origin, and circumstances they found themselves in life. Id.[3] Caldwell v. Ceasar, 150 F.Supp.2d 65, 66 (D.D.C. 2001)(The question whether and to what extent plaintiff was injured or may become ill in the future because of inadequate nutrition is for the fact finder after an evidentiary hearing).

V

**THE DEFENDANTS ARE NOT ENTITLED
TO SUMMARY JUDGMENT WITHOUT
AN EVIDENTIARY HEARING**

The Defendants have requested a summary judgment in this case without an evidentiary hearing. The Defendants have supported their request with a declaration from Mr. Issermoyer, a new policy waiver, and a new program statement 4700.05. See Defendants Motion To Dismiss. Mr. Okpala has submitted a verified statement

---

[3]The Supreme Court has recognized that prisoners do not forfeit their constitutional rights while they are incarcerated. See O'Lone v. Estate of Shabazz, 482, U.S. 342, 348 (1987)(Those in the custody of the state "do not forfeit all constitutional protections by reason of their conviction and confinement in prison.")(quoting Bell v. Wolfish, 44± U.S. 520, 545 (1979). As Justice Brennen eloquently put it:

> Prisoners are persons whom most of us would rather not think about....[T]hey exist in a shadow world that only dimly enters our awareness. It is thus easy to think of prisoners as members of separate netherworld....Nothing can change the fact, however, that the society that these prisoners inhabit is our own. WHen prisoners emerge from the shadows to press a constitutional claim, they invoke no alien set of principles drawn from a distant culture. Rather, they speak the language of the charter upon which all of us rely to hold official power accountable. They ask us to acknowledge that power exercised in the shadows must be restrained at least as diligently as power that acts in the sunlight.

O'Lone, 482 U.S. at 354-55 (Brennan, J., dissenting).

of material facts in dispute attached hereto.  Mr. Okpala con-
tends that the Defendants are not entitled to summary judgment
at this stage of the proceeding, on the ground that based on Mr.
Okpala's verified statement of material facts in dispute and
supplemental complaint and attachment (National Nutritional Gu-
idelines by United States Department of Health and Human Services
and the United States of Agriculture), there are genuine issues
of material facts in dispute as to whether the Religious Diet
Program currently served at the FCI talladega, Alabama, without
the fresh produce items complained of is adequate to furnish Mr.
Okpala with the essential nutrients to lessen his chances of dev-
eloping the diseases outlined in the attachment to his supplemental
complaint.  Caldwell, 150, F.Supp.2d at 66.  Attachment to Supple-
mental Complaint.

     In addition, based on Mr. Okpala's complaint and the legal
authorities cited therein, the BOP is not exempt from 5 U.S.C. §
553, et seq., requirement if it makes a new program statement that
represents significant departure from long-established and consis-
tent practice.  In the instant case, the record shows that the
Defendants substantially departed from Program Statement 4700.04
(Exhibt A of Complaint) by promulgating a new Program Statement
(P.S. 4700.05) which eliminated the fresh produce items complained
of herein and therefore, not exempt from 5 U.S.C. § 553, et seq.
requirements.  The Defendants did not contend that the new P.S.
4700.05 meets 5 U.S.C. § 553, et seq., requirements.  Thus, inas-
much as the new policy waiver and the new program statement 4700.-
05 suffer the same deficiency complained of, the 5 U.S.C. § 553,
et seq., claim is not moot.  See Complaint at 3-4 and cases cited

Based on Mr. Okpala's verified pleadings and allegations as more fully set forth in his verified complaint, supplemental complaint and attachment, and in his verified statement of material facts in dispute attached hereto, there are genuine issues of material facts in dispute. Therefore, the Defendants are not entitled to summary judgment without an evidentiary hearing. <u>Caldwell</u>, 150 F.Supp.2d at 66.

## CONCLUSION

Based on all the reasons set forth herein, Mr. Okpala requests the Court to conduct an evidentiary hearing to give him the opportunity to develop the facts supporting his claims before the Court may properly make findings of fact and conclusions of law with respect to the request for a preliminary injunction and request for a declaratory judgment and injunctive relief. In the alternative, to request that the Defendants reinstate the fresh produce items complained of. Venue is improper in this Court based on reason more fully set forth in Mr. Okpala's opposition to Defendants motion to transfer and supplemental memorandum in support.

Dated:  January 21, 2007.


Respectfully Submitted,

Okey Garry Okpala
#43667-019
Pro-se/Paralegal
Federal Correctional Institution
PMB 1000
Talladega, AL. 35160

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing opposition to Defendants motion to dismiss has been served to the party to this action by depositing a copy of the same in the United States mail with adequate postage addressed to:

>       W. Mark Nebeker
>       Assistant U.S. Attorney
>       Civil Division
>       555 4th Street, N.W.
>       Washington, DC 20530

Dated:   January 27, 2007.

Okey Garry Okpala
#43667-019
Pro-se/Paralegal

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

OKEY GARRY OKPALA,                      )
                                        )
              Plaintiff,                )
                                        )
vs.                                     )        Civil Action No. 06-1530-RJL
                                        )
FEDERAL BUREAU OF PRISON, et al.)
                                        )
              Defendants.               )

## STATEMENT OF MATERIAL FACTS
## IN DISPUTE

AND NOW, COMES THE PLAINTIFF, Okey Garry Okpala ("Mr. Okpala")
by and through pro-se submits the following statement of material
facts in Dispute.

1.) The Defendants have submitted a declaration from Thomas
Issermoyer ("Mr. Issermoyer"), National Food Service Administrator,
BOP. Mr Issermoyer stated that there are legitimate penological
interest for the FCI, Talladega, Alabama, to continue to deprive
Mr. Okpala and other inmates participating in religious diet pro-
gram at the FCI Talladega, the fresh produce items complained of
by Mr. Okpala.[1] He stated that not serving the fresh items com-

---

[1] The Supreme Court recognized in Turner v. Safley, 482 U.S. 78 (1987) that
Courts are not the proper place to deal with every problem arising within a
prison's walls and, therefore, that courts shall afford a substantial degree
of deference to prison officials in promulgating rules and regulations. Turner,
482 U.S. at 84-85. If a regulation or restriction imposed by prison officials
infringes on the constitutional rights of one who is in the custody of the state,
it is valid if it is reasonably related to legitimate penological interest. Turner,
482 U.S. at 89. The Courts are to examine the following factors when determining
if a regulation is reasonable: (1) where there is valid rational connection be-
tween the regulation and the interest asserted; (2) whether alternative means of
exercising the right remain open to the prisoner; (3) the effect the requested
accommodation will have on guards, other inmates, and allocation of prison reso-
urces; and (4) whether there is some alternative which will accommodate the pri-
soner's asserted interests. Turner, 482 U.S. at 89-91.

plained of "eliminates the use of knives to prepare and serve the
menu. A reduction in the number of knifes (sic) inmates must use
reduce the probability that serious assaults can take place in the
food preparation area. In addition, serving this menu eliminates
the preparation of foods in the religious diet kitchen. This sig-
nificantly reduces the level of staff supervision required in this
area allowing closer supervision of the larger aspects of the oper-
ation. This reduces the cost associated with providing religious
certified food." Declaration of Thomas Issermoyer, Defendant's
Motion to Dismiss.

2.) Mr. Issermoyer and Defendants have presented no evidence
whatsoever to support Mr. Issermoyer's proffered penological jus-
tification for depriving Mr. Okpala the fresh produce items com-
plained of. There is hardly a prison regulation that will not
have at least some effect on others, so it is the Defendants bur-
den to produce credible and specific evidence to support their pro-
ffered penological justification for depriving Mr. Okpala of the
essential fresh produce items complained of. The Defendant must
present specific evidence that depriving Mr. Okpala the fresh pro-
duce items complained of will significantly reduce violence in the
kitchen area by reducing the number of knives in the inmates' kit-
chen at the FCI, Talladega, as opposed to merely asserting that
not using knives to prepare the fresh produce items complained of
"reduces the probability that serious assaults can take place in
the food preparation area." The Defendants did not provide the
number of knives currently being used to prepare general inmate
population's meals, including preparing the same fresh produce

items complained of for general inmate population. The Defendants
have not adduced figures, calculations or numbers to support their
claim that depriving Mr. Okpala the fresh produce items complained
of "significantly reduces the level of staffsupervision required
in this area allowing closer supervision of the larger aspects of
the operation," as opposed to merely asserting it. The Defendants
have not produced figures, calculations, or numbers to support
their claim that depriving Mr. Okpala the fresh produce items
complained of "reduces the cost associated with providing religious
certified food," as opposed to merely asserting it. Even if the
Defendants had presented credible and specific information regar-
ding the claimed cost associated with depriving Mr. Okpala the fresh
produce items complained of, budgetary constraints or inadequate
resources alone are not a valid reason for Defendants to deprive
Mr. Okpala of a constitutional right. See Thompson v. Vilsack,
328 F.Supp.2d 974, 979 (S.D. Iowa 2004); Rhem v. Malcolm, 507
F.2d 333, 341 n.20 (2nd Cir. 1974), questioned on other grounds
in jordon v. Wolke, 615 F.2d 749 (7th Cir. 1980); Prushinowski v.
Hambrick, 570 F.Supp. 863, 868-69 (E.D.N.C. 1983), questioned on
other grounds in Cooper v. Rogers, 788 F.Supp. 255 (D.Md. 1991);
Hamilton v. Love, 328 F.Supp. 1182, 1194 (E.D.ARk. 1971).

3.) Mr. Issermoyer did not dispute that the BOP is required
to follow the National guidelines as set forth in Mr. Okpala's
supplemental complaint and attachment, concerning the fresh pro-
duce items complained of in religious diet menu as to lessen fu-
ture serious risk of developing stroke and dying from cardiovas-
cular disease, developing osteoporosis, bone mineral deficiency,

prostate cancer, lung cancer, as well as preventing heart and eye
disease, stomach, colon, and other cancers.

4.) Mr. Issermoyer did not dispute that BOP has adopted Kosher
as the standard religious diet menu for BOP as to accommodate all
religious beliefs to avoid preparing separate religious diet menu
for every religion.[2]

5.) Mr. Issermoyer did not dispute that the same fresh pro-
duce items complained of are available on a daily basis in prepar-
ing general population's meals.

6.) Mr. Issermoyer did not state that staff was previously
required to supervise the preparation of the fresh produce items
complained of when the same fresh produce items were previously
served with Regular Religious Diet Program (P.S. 4700.04) which
included the same entree that is presently served under the so-
called pilot program.  See Exhibit A, Complaint For Declaratory
Judgment and Injunctive Relief, Program Statement 4700.04.

7.) Mr. Issermoyer did dispute that lack of the fresh produce
items complained of in the Religious Diet Program could potentially
cause a development of various cardiovascular diseases that may
cause stroke and even death, osteoporosis, bone mineral deficiency,

---

[2] Kosher "[f]oods that may be eaten include all non-animal products such as fru-
its and vegetables, meat from animals without cloven hooves including cows and
sheep, and fish which have fins and scales.  'Kosher' also dictates specific met-
hods by which allowable foods are prepared for consumption.  For example, Kosher
food is no longer 'Kosher' if it is prepared in containers which have held non-
Kosher foods.  To keep Kosher food untainted, containers, pots and pans, uten-
sils, and other implements used in their preparation must not come into contact
with any item that is or has had contact with non-Kosher food.  Also, to keep
Kosher food 'Kosher', it must be served on plates and bowls and eaten with uten-
sils which have not had non-Kosher contact."  Beerheide v. Suthers, 286 F.3d
1179, 1183 (10th Cir. 2002).

prostate cancer, lung cancer, as well as preventing heart and eye disease, stomach, colon, and other cancers as more fully set forth in the Article attached to Mr. Okplala's Supplemental Complaint.

8.) Mr. Issermoyer did not dispute that the same knives which he claims would cause security problems when used to prepare the fresh produce items complained of for Religious Diet Program is currently being provided and used at FCI, Talladega's kitchen to prepare and cut the same fresh produce items complained of for general populations meals.

9.) Mr Issermoyer did not dispute that other cooking utensils are currently being provided and used for preparing and cooking the same fresh produce items complained of for general population.

10.) Mr. Issermoyer did not dispute that Mr. Okpala has a First Amendment right to be participating in Religious Diet Program and has Eighth Amendment right to a religious diet meals that meet the National Standard as more fully set forth in Mr. Okpala's complaint and attachment.

11.) The Defendants have come up with a new waiver from Program Statement 4700.04 (Exhibit A, Complaint For Declaratory Judgment and Injunctive Relief) after Mr. Okpala initiated the instant lawsuit. Exhibit 1, Defendants' Motion to Dismiss. The Defendants rely on this new waiver to argue that Mr. Okpala's claim with respect to count one of his complaint is moot. There is a disputed material of facts as whether the new policy waiver suffers from the same nutritional deficiency complained of by Mr. Okpala and therefore violates the Eighth Amendment. Therefore, it is premature to decide the issue of mootness until an evidentiary hear-

ing is conducted to give Mr. Okpala the opportunity to develop the facts of his complaint. Mr. Okpala asserts that the new policy waiver suffers the same nutritional deficiency as set forth herein and in his complaint, violates 5 U.S.C. § 533, et seq. and Fifth Amendment's due process clause.

12.) The Defendants have submitted an alleged Religious Diet Interview Questionaire signed by Mr. Okpala to support its assertion that Mr. Okpala's main concern is with eating meat that is not properly slaughtered and bled. Exhibit 2, Defendants' Motion to Dismiss. There is no dispute that when the alleged interview was conducted by the Chaplain that the fresh produce items complained of was part of the Religious Diets Menu at the FCI, Talladega. The fresh produce items complained of was eliminated after the allleged interview. There is a disputed issue of material fact as to whether it was Mr. Okpala that filled out the questionaire. Mr. okpala asserts that he did not fill out the alleged questionaire. The Chaplain filled out the form after the chaplain had first obtained Mr. Okpala's signature. At the time Mr. Okpala refused to sign any blank form before its completion, but was advised by the Chaplain that the procedure at the FCI, Talladega, was to first sign the form before the interview and before the Form is filled out by the Chaplain. Mr. Okpala followed the Chaplain's advise and signed the blank form before it was filled out by the Chaplain after the completion of the interview. The Chaplain never gave Mr. Okpala the opportunity to review the completed form. In fact, Mr. Okpala had no knowledge of the completed form until it was submitted by the Defendants in the instant case. In any event whether

the form is completed by the Chaplain or Mr. Okpala is irrelevant to determining the issues presented in this complaint. The Defendants did not challenge the sincerity of Mr. Okpala's Religious belief. Therefore, Defendants Exhibit 2 should be stricken as irrelevant. Assuming that the Defendants Exhibit 2 will be relevant in deciding any of the issues presented in the complaint, Mr. Okpala requests an evidentiary hearing to develop his assertions as set forth herein.

13.) The Defendants have made up a new Program Statement 4007.05, excluding entirely the fresh produce items complained of by Mr. Okpala. Exhibit 3, Defendants Motion to Dismiss. There is a disputed issue of material facts as to whether the new Program Statement suffers from the same deficiency complained of. Mr. Okpala submits that the new program statement suffers from the same deficiency complained of as it eliminates the fresh produce items complained of completely.

14.) Mr. Issermoyer did not dispute that inmates participating in Religious Diet Program at the FCI, Talladega, are not permitted to eat from the mainline and hot bar where the so-called vegetarion diet, frozen, canned and fresh produce items complained of are prepared for general population. Besides, the vegetarion meals prepared in a non-Kosher Kitchen is not Kosher. Beerheide v. Suther, 286 F.3d 1179, 1186-87 (10th Cir. 2002); Ashelman v. Wawrzaszek, 111 F.3d 674, 675 @ n.2 (9th Cir. 1997). See also Gerald F. Masoudi, Kosher Food Regulation & The Religious Clauses of the First Amendment, 60 U.Ch.L.Rev. 667, 667 (1993).

15.) It is a general knowledge at the FCI, Talladega, that

the fresh produce items complained of are rarely served at the salad bar. That the few that are served, such as onions, cole slaw, spinach, bellpeppers, are served at most one or two lunches a week, and are not sufficient to meet Mr. Okpala's nutritional needs under Kosher, National Standard as more fully outlined in the Article attached to Mr. Okpala's supplemental complaint.

16.) The issue is not whether the Pilot Menu has been in use at the FCI, Coleman, Florida. The issue is whether the religious diet program being provided to Mr. Okpala at the FCI, Talladega, Alabama, meets the nutritional need of Mr. Okpala as dictated by National Standard outlined in the Article attached to Mr. Okpala's supplemental complaint. And whether it meets the standard set forth by Kosher. Note 2.

17.) Based on the foregoing, there is a disputed issue of material facts with respect to the Defendants proffered reasons for depriving Mr. Okpala of the fresh produce items complained of under the religious diet program (Kosher). Defendants have offered only speculations to support their action in this matter. Mere speculations do not satisfy Tuner v. Safley, 482 U.S. 78, 89-90 (1987), factors.with no evidence presented by the Defendants to support the reason(s) proffered for depriving Mr. Okpala the necessary fresh produce items, the security, violence, and budgetary concerns proffered cannot justify Defendants' policy of depriving Mr. Okpala the necessary fresh produce items complained of. The reason(s) proffered for continuing this practice are an unreasonable and exaggerated response to security, violence and budgetary concerns.

18.) Based on the foregoing, Mr. Okpala has alleged sufficient facts which, if proven at an evidentiary hearing, would demonstrate a substantial likelihood of success on the merits; irreparable harm if injunction is not granted; threaten harm outweighs any harm the preliminary injunction will cause the Defendants; and that the preliminary injunction is not adverse to the public interest.  An evidentiary hearing is necessary before the Court can properly make findings of fact and conclusions of law in this case.

Dated:  January 26, 2007.


                              Respectfully Submitted

                              Okey Garry Okpala
                              #43667-019
                              Pro-se/Paralegal
                              Federal Correctional Institution
                              PMB 1000
                              Talladega, AL. 35160

## VERIFICATION

I hereby certify that I am the Plantiff in in this cause; that I have read the forgoing pleading; and that the facts related therein are true and correct to the best of my knowledge and recollection.

Dated:  January 26, 2007.

Okey Garry Okpala
#43667-019
Pro-se/ Paralegal

## CERTIFICATE OF SERVICE

I here by certify that a copy of the foregoing statement of material facts in dispute has been served on the party to this cause by depositing a copy of the same in the United States mail with adequate postage address to:

W. Mark Nebeker
Assistant U.S. Attorney
555 4th Street, N.W.
Washington, D.C. 20530

Dated:  January 27, 2007.

Okey Garry Okpala
# 43667-019
Pro-se/ Paralegal