IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED
MAR - 1 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

OKEY GARRY OKPALA,            )
                              )
          Plaintiff,          )
                              )
vs.                           )   Civil Action No. 06-1530(RJL)
                              )
FEDERAL BUREAU OF PRISONS,    )
                              )
          Defendants.         )

**MOTION FOR A RECONSIDERATION**

AND NOW, COMES THE PLAINTIFF, Okey Garry Okpala ("Mr. Okpala"), by and through pro-se, and pursuant to Rule 59(e), Fed.R.Civ.P. respectfully moves the Court to reconsider its Orders, dated February 7, 2007, to transfer this matter to the Northern District of Alabama and concomitant Order denying Mr. Okpala's motion for a preliminary injunction. In support thereof, Mr. Okpala states as follows:

1.) On July 16, 2006, Mr. Okpala filed a complaint for declaratory judgment and injunctive relief against the above-named Defendants and Motion For Leave To Proceed In Forma Pauperis.

2.) On July 31, 2006, Mr. Okpala filed a motion for a preliminary injunction.

3.) On August 5, 2006, Mr. Okpala filed a supplemental complaint for declaratory judgment and injunctive relief. Mr. Okpala requested an evidentiary hearing to develop the facts in support of his claim for relief.

4.) This Court issued an Order granting Mr. Okpala in forma pauperis status.

5.) On November 22, 2006, the Defendants filed a motion to transfer.

1

6.)  On November 29, 2006, Mr. Okpala filed an opposition to the Defendant's motion to transfer.

7.)  On December 25, 2006, Mr. Okpala filed a motion for leave to supplement his memorandum in opposition to the Defendants' motion to transfer, and supplemental memorandum to his opposition to the Defendant's motion to transfer.

8.)  On December 18, 2006, the Defendants filed a reply to Mr. Okpala's opposition to Defendants' motion to transfer.

9.)  On January 17, 2007, the Defendants filed a motion to dismiss or, in the alternative, for summary judgment.

10.) On January 26, 2007, Mr. Okpala filed an opposition to Defendants' motion to dismiss or, in the alternative, for summary judgment.

11.) On January 26, 2007, Mr. Okpala filed a motion for appointment of counsel to assist Mr. Okpala to develop the facts supporting his allegations and pleadings.

12.) On February 7, 2007, This Court issued an Order to transfer the ebove-referenced case to the Northern District of Alabama. In a separate order, This Court denied Mr. Okpala's motion for a preliminary injunction, without prejudice. Apparently Thid Court did not rule on Mr. Okpala's opposition to the Defendants' motion to dsimiss, or in the alternative, for summary judgment.

13.) Mr. Okpala contends that This Court should reconsider its order to transfer the above-referenced case to the Northern District of Alabama. In is transfer Order, This Court stated that the "PLaintiff is challenging the decision of officials at FCI - Talladega, to alter the menu policy. Any relevant witness and

potential documentary evidence pertinent to plaintiff's claim would be located there. The significant events alleged in the complaint occurred at the FCI - Talladega. Additional factors support a transfer from this district. The case does not involve an issue of national policy which would require the testimony of high-level agency officials in Washington, D.C." Court Order at 3. The Defendants Exhibits to motion to dismiss or, in the alternative, for summary contradict. This Court's conclusion. Id. For example, Defendants submitted a declaration of Thomas Issermoyer, National Food Service Administrator, Federal Bureau of Prisons, Washington, D.C. This declaration is being used by the Defendants' to justify the action complained of, the New Religious Diet Menu. This potential witness resides in Washington, D.C.. The Defendants' Exhibit 1 contradicts This Court's assertion. Id. This Exhibit shows a new national policy promulgated by the BOP in Washington, D.C. to justify the continued practice of the action complained of. The Defendants' Exhibits 3 and 4 contradict This Court's assertion. Id. These Exhibits show the ratification of the violations complained of by the BOP stationed in Washington, D.C. THese two Exhibits support Mr. Okpala's assertion that the violations complained of involve national policy. Because the Defendants Exhibits motion to dismiss or, in the alternative, for summary judgment contradict This Court's conclusion, supra, Mr. Okpala contends that a reconsideration is necessary in this case in the intersets of justice. Forum is proper in this jurisdiction.

14.) Mr. Okpala further contends that a reconsideration is necessary because the Court improperly denied his motion for a

preliminary injunction to preserve the status quo pending the resolution of this matter on the merits. Because This Court finds that forum is proper in the Northern District of Alabama, it then follows that it does not have the power any longer to rule on Mr. Okpala's motion for a preliminary injunction. It is improper for This Court to be transferring the case to the Northern District of Alabama and at the same time ruling on Mr. Okpala's motion for a preliminary injunction.

15.) Mr. Okpala has filed a motion for appointment of counsel to assist him in developing the facts supporting his claims. The Witnesses and the documents counsel will assist Mr. Okpala in deposing and collecting are all located in Washington, D.C. This is further reason to reconsider This Court's Order of February 7, 2007. This supports Mr. Okpala's contention that Forum is proper in this jurisdiction.

## CONCLUSION

For the reasons set forth herein, Mr. Okpala requests that the Court reconsiders its Order of February 7, 2007. To issue an Order rescinding its Order of February 7, 2007, in its entirety and to resolve the merits of this action. In the alternative, to rescind its Order denying Mr. Okpala's motion for preliminary injunction without explanation, if the Court decides to transfer the case to the Northern DIstrict of Alabama.

Dated: February 16, 2007.

Respectfully Submitted

Okey Garry Okpala
#43667-019
Pro-se/Paralegal
Federal Correctional Institution
PMB 1000
Talladega, AL. 35160

4

## CERTIFICATE OF FILING

Pursuant to the principle of <u>Houston v. Lack</u>, 487 U.S. 266, 276 (1988) the attached motion for a reconsideration pursuant to Rule 59(e), Fed.R.Cic.P. was filed with This Court on this date by depositing a copy of the same into the prison mail collection box, in a sealed envelope, first class postage affixed and addressed to the clerk of This Court as follows on this February 16, 2007.

        Clerk
        U.S. District Court
        U.S. Courthouse
        333 Constitution Avenue, N.W.
        Washington, D.C.

I have read the foregoing and state that the facts are set forth upon personal knowledge and are true and correct.

    Dated: February 16, 2007.

                Okey Garry Okpala
                #43667-019
                Pro-se/Paralegal
                Federal Correctional Institution
                PMB 1000
                Talladega, AL. 35160