```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA

OKEY GARRY OKPALA,                )
                                  )
            Plaintiff,            )
                                  )
      v.                          ) Civil Action No. 06-1530 RJL
                                  )
FEDERAL BUREAU OF PRISONS, et al.,)
                                  )
            Defendants.           )
_____)
```

### MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION

Defendants hereby oppose Plaintiff's Motion For Reconsideration. Plaintiff argues that transfer of this action to the district where he is incarcerated should be reconsidered, because he has now located a witness in the District of Columbia who can testify to the legitimate penological interests for FCI Talladega, Alabama to continue utilizing the pilot menu to provide the certified meals at Plaintiff's institution. See Plaintiff's Motion at 3 (citing the Declaration of Thomas Issermoyer); see also Issermoyer Decl., ¶¶ 4-7 (noting the legitimate penological reasons and that BOP does not plan to provide all inmates with commercially prepared meals). Thus, Plaintiff is mistaken in his assertion that at issue is a new national policy. Id. Although Mr. Issermoyer is able to explain why commercially prepared meals are used for legitimate reasons, there are undoubtedly numerous witnesses at FCI Talladega who can also explain how "[s]erving this menu eliminates the use of knives to prepare and serve the menu" and how fewer knives

affects security at FCI Talladega.  <u>See</u> Issermoyer Decl., ¶ 5. Similarly, other witnesses at FCI Talladega will be better able to testify regarding the alternatives available there, such as the institution's "no-flesh option".  <u>Id.</u>, ¶ 6.

In short, Plaintiff has not offered any legitimate basis to change the Court's conclusion that transfer to the prisoner's location is appropriate.  <u>See</u> <u>Starnes</u> v. <u>McGuire</u>, 512 F.2d 918, 925 (D.C. Cir. 1974) (en banc) (while federal prisoner litigation may technically be permissible in this venue, it may be more conveniently litigated in the prisoner's district of confinement); <u>Rogers</u> v. <u>Federal Bureau of Prisons</u>, 257 F.Supp.2d 147 (D.D.C. 2003).

Similarly, particularly given the alternatives available to Plaintiff at FCI Talladega, <u>see</u> Issermoyer Decl., ¶ 6, and the documentation provided by Plaintiff that frozen vegetables are as nutritionally sound as fresh,[1] Plaintiff's motion for interim injunctive relief was properly denied.  <u>Al-Fayed</u> v. <u>Central Intelligence Agency</u>, 254 F.3d 300, 303 (D.C. Cir. 2001) (in assessing whether to grant a preliminary injunction, the Court should consider whether there is a substantial likelihood of

---

[1] Plaintiff admits that fresh produce is available under other dietary options at FCI Talladega.  Complaint, ¶ 4.  And, Plaintiff supplemented the original complaint with a proffered newspaper article which notes, <u>inter alia</u>, that "Frozen vegetables and fruits retain the same nutrients as fresh. . ." Supplemental Complaint For Declaratory Judgment And Injunctive Relief, Attachment at 2.

success on the merits; irreparable injury to plaintiff absent an injunction; substantial injury other interested parties if injunction is granted; and whether the grant of an injunction would further the public interest).  Plaintiff argues that the Court, having opted to transfer the action, "does not have the power any longer to rule on Mr. Okpala's motion for a preliminary injunction."  Plaintiff's Motion at 4.  In fact, this Court retains the power to deny Plaintiff's motion until the Court's file is transferred.  See generally, In re Asemani, 455 F.3d 296 (D.C. Cir. 2006); Starnes v. McGuire, 512 F.2d at 924 (physical transfer of the original papers in a case to a permissible transferee forum deprives the transferor circuit of jurisdiction to review the transfer).

For these reasons, and those previously set forth by Defendants, Plaintiff's Motion For Reconsideration should be denied.

>
> Respectfully submitted,
>
> _____
> JEFFREY A. TAYLOR, DC Bar #498610
> United States Attorney
>
> _____
> RUDOLPH CONTRERAS, DC Bar #434122
> Assistant United States Attorney
>
> _____
> W. MARK NEBEKER, DC Bar #396739
> Assistant United States Attorney

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that service of the foregoing Memorandum Of Points And Authorities In Opposition To Plaintiff's Motion For Reconsideration and a proposed order has been made by mailing copies thereof to:

OKEY GARRY OKPALA
#43667-019
P.O. Box 1000
Talladega, AL  35160

on this 15th day of March, 2007.

```
                              _____
                              W. MARK NEBEKER, DC Bar #396739
                              Assistant United States Attorney
                              Civil Division
                              555 4th Street, N.W.
                              Washington, DC  20530
                              (202) 514-7230
```