IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| OKEY GARRY OKPALA, | ] |
| Plaintiff, | ] |
| vs. | ] Civil Action No.: 06-1530-RJL |
| FEDERAL BUREAU OF PRISONS, et al., | ] |
| Defendants. | ] Evidentiary Hearing Demanded. |

SECOND SUPPLEMENTAL COMPLAINT
FOR DECLARATORY JUDGMENT AND
INJUNCTIVE RELIEF.

AND NOW, COMES THE PLAINTIFF, Okey Garry Okpala ("Mr. Okpala"), by and through pro-se, and pursuant to Rule 15(d), Fed.R.Civ.P., respectfully submits the instant second supplemental complaint for declaratory judgment and injunctive relief, and moves to add FNU Birmingham ("Mr. Birmingham"), Assistant Food Service Administrator, Federal Correctional Institution ("FCI"), Talladega, Alabama, as another Defendant in the above-referenced case. In support thereof, Mr. Okpala states as follows:

1) On May 7, 2007, Mr. Okpala went to obtain his portion of the Religious diet lunch meal, commonly known as the Common Fare. Mr. Birmingham advised Mr. Okpala that he cannot obtain his portion of the Common Fare diet because he is no longer a participant of the Religious diet. Mr. Okpala asked Mr. Birmingham the reason(s) he was taken off the Common Fare program. Mr. Birmingham stated that he does not know. Mr. Okpala advised Mr. Birmingham that he did not receive any notice of any alleged

violation of the Religious diet program, and a hearing before he was taken off the program, that he should be allowed to continue participating on the Religious diet program until a full panoply of Due Process of law is given to him - notice and a hearing - and then, if found guilty of violating Religious diet rule, then he would be suspended to a definite period of time. Mr. Okpala advised Mr. Birmingham to contact the Chaplains, Mr. Nelson and Mr. Bowen, to inquire whether he received notice of any alleged violation and a hearing before Mr. Okpala was found guilty of violating any Religious dietary rule. Mr. Birmingham refused. Mr. Okpala then left the dining facility without eating.

2) After the dining facility was closed, Mr. Okpala met with Mr. Nelson and Mr. Bowen to inquire as to the reason(s) he was taken off the Religious diet program without a notice of any alleged violation and a hearing. Mr. Okpala was advised by Mr. Nelson and Mr. Bowen that a complaint was received from Mr. Birmingham alleging that he saw Mr. Okpala eating cabbage from the hot bar. Mr. Okpala advised Mr. Nelson and Mr. Bowen that he did not receive a notice of the alleged violation and a hearing before he was taken off the Religious diet program, and, therefore, should be reinstated forthwith. Mr. Nelson and Mr. Bowen refused. Thereafter, Mr. Okpala was given a copy of the verdict without a notice and a hearing, contrary to Due Process of law. Exhibit A.

3) Since about February 2006, Mr. Birmingham has not served

onions, bellpeppers, cabbage and any of the vegetables complained of in the original complaint on the salad bar, at the FCI, Talladega, Alabama. The salad bar have been consisting of plain lettuce and sometimes salad dressing and sometimes no salad dressing at all.

4) At all relevant time, Mr. Birmingham's alleged acts and omissions were taken in his official as well as individual capacity.

5) At all relevant time, Mr. Birmingham's alleged acts and omissions were taken under the color of law, custom, policy, and regulation at the FCI, Talladega, Alabama.

6) Mr. Birmingham's alleged acts and omissions are violative of Mr. Okpala's Fifth Amendment right to the United States Constitution.

7) Mr. Birmingham's alleged acts and omissions are violative of Mr. Okpala's Eight Amendment right to the United States Constitution.

RELIEF REQUESTED

Mr. Okpala urges the Honorable Court to grant him the following relief:

1) That the Court issue an Order granting Mr. Okpala an evidentiary hearing to develop the facts of his claim.

2) That the Court issue an Order declaring Mr. Birmingham's alleged acts and omissions are in violation of the Fifth and Eight Amendment rights to the United States Constitution.

3) That the Court issue an Order granting Mr. Okpala an

injunction, directing Mr. Birmingham, Mr. Nelson, and Mr. Bowen to reinstate Mr. Okpala on Religious diet program forthwith.

4) And that the Court issue an Order granting Mr. Okpala further and other relief as the Court may deem proper and just.

Dated May 7, 2007.

                                      Respectfully Submitted

                                      */s/ Garry Okpala*
                                      Okey Garry Okpala
                                      # 43667-019
                                      Pro-Se/Paralegal
                                      Federal Correctional Institution
                                      PMB 1000
                                      Talladega, AL 35160

## VERIFICATION

I hereby certify that I am the Plaintiff in the aforementioned cause; that I have read the second supplemental complaint; and, that the facts stated therein are true and correct to the best of my recollection.

Dated: May 7, 2007.

                                      */s/ Garry Okpala*
                                      Okey Garry Okpala
                                      # 43667-019
                                      Pro-Se/Paralegal


## CERTIFICATE OF SERVICE

I hereby certify that I have served the foregoing second supplemental complaint to the party to this cause of action by depositing a copy of the same in the United States mail with adequate postage addressed to:

W. Mark Nebeker
Assistant U.S. Attorney
Civil Division
555 4th Street, N.W.
Washington, DC 20530

Dated: May 7, 2007.

*[signature]*
Okey Garry Okpala
# 49667-019
Pro-Se/Paralegal

BP-S820.053 **NOTIFICATION OF INMATE RELIGIOUS DIET VIOLATION**
OCT 04

**U.S. DEPARTMENT OF JUSTICE**                                    FEDERAL BUREAU OF PRISONS

**To be completed By Religious Services Staff.**

| Inmate's Name: Ohpala G. | Registration Number: 43667-019 |
| --- | --- |
| | Housing Unit: D03-010L |

| Today's Date: 06 May 07 | Date of Violation: 01 May 07 | Staff Who Witnessed Violation: M. Birmingham |
| --- | --- | --- |

Reason for recommendation of removal from the Certified Religious Diet Program:

☑ You were observed eating or in possession of Non-Certified food(s) in violation of your religious dietary laws. Specifically, _eating boiled cabbage from the hot line_

☐ Voluntary withdrawal (Inmate's written request to withdraw from diet is attached).

☐ Other (e.g., six consecutively missed meals, etc.): _____

**Resolution:**

☑ Inmate will be removed on the following date: 07 May 07
☑ Suspension period will last for: 30 days.
☑ Inmate may request to be reinstated after: 06 Jun 07

This is a notice of intention to be removed by the Chaplain from the Religious Diet Program. If you believe this report is in error, you must submit a written request to the Chaplain for an interview within 2 working days of receipt of this notice. This suspension is not meant to be a punishment. The purpose is to determine if the religious diet is truly the most appropriate diet to meet your needs. I take the integrity of the Religious Diet very seriously, and trust you will too. Should you choose to return to the program, I trust you will more faithfully adhere to the regulations.

☐ After further review, the inmate will remain on the certified Religious Diet Program.

| Chaplain's Signature  S. Ashro | Date  06 May 07 |
| --- | --- |

If you are not satisfied with this decision, you may appeal through the administrative remedy process.

CC: Religious Services, Food Service, Inmate

(This form may be replicated via WP)                This form replaces BP-S820 dtd JUN 04

