UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| OKEY GARRY OKPALA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-1530 (RJL) |
| | ) | |
| FEDERAL BUREAU OF PRISONS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER

FILED
AUG 0 6 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Plaintiff is an inmate at the Federal Correctional Institution in Talladega, Alabama ("FCI-Talladega"). Proceeding *pro se,* he brings this action for declaratory and injunctive relief alleging that the food service at the prison violates the Eighth Amendment. Plaintiff separately filed a motion for a preliminary injunction. On February 7, 2007, the Court granted defendants' motion to transfer and ordered the case transferred to the Northern District of Alabama. Plaintiff has moved for reconsideration of that order.

The resolution of a motion for reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure is a matter of the Court's discretion and "need not be granted unless the [Court] finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Messina v. Krakower*, 439 F.3d 755, 758 (D.C. Cir. 2006) (internal quotation marks and citation omitted). "[A] Rule 59(e) motion to reconsider is not simply an opportunity to reargue facts and theories upon which a court has already ruled, nor is it a vehicle for presenting theories or arguments that could have been advanced earlier." *Fresh Kist Produce, LLC v. Choi Corp.*, 251 F.Supp.2d 138, 140 (D.D.C.

1

2003) (internal quotation marks and citations omitted). "While the [C]ourt has considerable discretion in ruling on a Rule 59(e) motion, the reconsideration and amendment of a previous order is an extraordinary measure." *Fresh Kist Produce*, 251 F. Supp. 2d. at 140 (citing *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (per curiam)).

Rule 60(b) provides, in pertinent part, that "upon such terms as are just, the court may relieve a party ... from a final judgment, order, or proceeding [where] ... it is no longer equitable that the judgment should have prospective application; or [for] any other reason justifying relief from operation of the judgment." Fed. R. Civ. P. 60(b). For such a motion to be granted, there must be a "significant change in circumstances." *Hammond v. Kempthorne*, 448 F.Supp.2d 114, 119 (D.D.C. 2006) (quoting *Rufo v. Inmates of the Suffolk County Jail*, 502 U.S. 367, 383 (1992)).

Defendants moved to transfer the case to the Northern District of Alabama, where FCI-Talladega is located. In granting the motion, the Court cited several factors supporting a change of venue. Plaintiff is challenging the decision of officials at FCI-Talladega to alter the menu policy. Any relevant witnesses and potential documentary evidence pertinent to plaintiff's claim would be located there. The significant events alleged in the complaint occurred at FCI-Talladega. This case does not involve an issue of national policy which would require the testimony of high-level agency officials in Washington, D.C. The District of Columbia has no apparent connection to this case. For these reasons, the proper venue for this action is the Northern District of Alabama.

Plaintiff has not offered a legal or factual basis that would lead the Court to alter its transfer decision. He has simply reasserted arguments considered and rejected by the Court.

Accordingly, it is

ORDERED that plaintiff's motion for reconsideration [22] is DENIED. It is

FURTHER ORDERED that the second supplement complaint is DISMISSED.

                                                   RICHARD J. LEON
                                                  United States District Judge

DATE: 8/5/07